UNITED STATES DISTRICT COURT
                    EASTERN DISTRICT OF LOUISIANA

JEROME MILLER                                    CIVIL ACTION

VERSUS                                           NUMBER: 12-1457

WARDEN LYNN COOPER                               SECTION: "I"(5)


                    **REPORT AND RECOMMENDATION**

    Pursuant to 28 U.S.C. §636(b) and Local Rule 73.2(A), presently before the Court is the 28 U.S.C. §2254 application for federal habeas corpus relief, as supplemented, of petitioner, Jerome Miller, and the State's response thereto. (Rec. docs. 1, 5, 7). For the reasons that follow, it is recommended that Miller's petition be dismissed with prejudice.

    Petitioner Miller is a state prisoner who is presently incarcerated at the Avoyelles Correctional Center, Cottonport, Louisiana. On December 22, 2005, Miller was convicted of distribution of cocaine after trial, by jury, in the Seventeenth Judicial District Court for the Parish of Lafourche, State of Louisiana. On June 27, 2006, Miller admitted to being a fourth felony offender under LSA-R.S. 15:529.1 and was thereupon sentenced

to thirty years at hard labor in the custody of the Louisiana Department of Corrections with credit for time served.

Miller directly appealed his conviction and sentence, arguing that the trial court erred in admitting other crimes evidence and that the evidence that was presented at trial was insufficient to sustain a conviction. Miller's conviction and sentence were affirmed by the Louisiana First Circuit Court of Appeal on September 14, 2007. State v. Miller, 962 So.2d 1233 (La. App. 1st Cir. 2007)(table). Writs were denied by the Louisiana Supreme Court on October 31, 2008. State ex rel. Miller v. State, 994 So.2d 531 (La. 2008). Miller's conviction became final ninety days later, or January 30, 2009, when the time for seeking a writ of certiorari from the U.S. Supreme Court expired and no application therefor was made. See U.S. Sup. Ct. R. 13(1); Roberts v. Cockrell, 319 F.3d 690, 694 (5th Cir. 2003).

On July 13, 2010, over seventeen months after his conviction had become final, Miller signed and dated an application for post-conviction relief that was filed in the trial court on August 6, 2010 and was ultimately denied by that tribunal on December 9, 2010. (St. ct. rec., vol. 2 of 4). A recitation of the remainder of the proceedings that were initiated by Miller in the state court system is unnecessary to resolve the matter at hand.

Under 28 U.S.C. §2244(d)(1), as amended by the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), Pub.L.No. 104-

132, 110 Stat. 1214 (1996)(effective April 24, 1996), state prisoners like Miller have one year from the date that their convictions become final to timely seek federal habeas corpus relief.  Section 2244(d)(2) further provides that the time during which a prisoner has a properly filed application for post-conviction relief or other collateral review pending before the state courts is not counted against the one-year limitation period.  The one-year time bar may be raised by the Court sua sponte.  Kiser v. Johnson, 163 F.3d 326, 328-29 (5th Cir. 1999).  A district court also has the discretion to correct a state's erroneous time calculation provided that the petitioner is given fair notice.  Day v. McDonough, 547 U.S. 198, 209-11, 126 S.Ct. 1675, 1684-85 (2006); Dillard v. Quarterman, 237 Fed. Appx. 940, 941 (5th Cir. 2007).

In its response herein, the State correctly cited the one-year limitation period set forth in §2254(d). (Rec. doc. 7, pg 1).  It also correctly cited the date when Miller's direct criminal appeal was denied and the approximate date when he initiated post-conviction relief proceedings in the state trial court. (Id. at p. 2).  However, for whatever reason, the State erroneously asserted that Miller's petition was timely.  (Id.).  Because the State mistakenly calculated the due date for Miller's petition, "... the federal court confronted no intelligent waiver on the State's part, only an evident miscalculation of the elapsed time under a statute designed to impose a tight time constraint on federal habeas

3

petitioners." Day, 547 U.S. at 202, 126 S.Ct. at 1679-80.  Under these circumstances, the State's inadvertent time miscalculation is not binding. Id.

The plain fact of the matter is that over seventeen months elapsed between the date that Miller's conviction became final and the date that he signed his application for post-conviction relief, thus making his present petition untimely. Although Miller had, in that seventeen-month period, filed a motion and authored correspondence in an attempt to obtain free copies of documents that were generated in his criminal case, those matters do not qualify as "... application[s] for State post-conviction or other collateral review ..." so as to toll the limitations period under §2244(d)(2) because they were preliminary in nature and did not directly call into question the validity of petitioner's conviction or sentence. Pitts v. Cooper, No. 07-CV-8811, 2009 WL 1106876 at * 2 (E.D.La. Apr. 21, 2009)(Feldman, J.); Wells v. Hebert, No. 06-CV-1810, 2008 WL 5046826 at * 2 (E.D.La. Nov. 20, 2008)(Africk, J.).  That being the case, and because no factors are present warranting the application of equitable tolling, a doctrine that applies in rare and exceptional circumstances and principally where the plaintiff is actively misled by the defendant or is prevented in some extraordinary way from asserting his rights, Coleman v. Johnson, 184 F.3d 398, 402 (5th Cir. 1999), cert. denied, 529 U.S. 1057, 120 S.Ct. 1564 (2000), it will be recommended Miller's

petition be dismissed with prejudice as untimely.

### RECOMMENDATION

For the foregoing reasons, it is recommended that the application for federal habeas corpus relief of Jerome Miller be dismissed with prejudice.

A party's failure to file written objections to the proposed findings, conclusions, and recommendation contained in a magistrate judge's report and recommendation within fourteen days after being served with a copy shall bar that party, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the district court, provided that the party has been served with notice that such consequences will result from a failure to object. Douglass v. United Services Auto. Assoc., 79 F.3d 1415 (5th Cir. 1996)(en banc).

New Orleans, Louisiana, this 12th day of         March         , 2013.

                                              ALMA L. CHASEZ
                            UNITED STATES MAGISTRATE JUDGE